IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SAFECAST LIMITED,**<br>*Plaintiff*<br><br>-vs-<br><br>**MICROSOFT CORP.,**<br>*Defendant* | § § § § § § § § § | W-22-CV-00983-ADA |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Microsoft Corporation's ("Microsoft") Motion to Transfer Venue to the Southern District of New York. ECF No. 24. Plaintiff SafeCast Limited ("SafeCast") opposes the motion. ECF No. 32. Microsoft filed a reply to further support its motion. ECF No. 36. After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Microsoft's motion to transfer venue to the Southern District of New York.

### I. FACTUAL BACKGROUND

In its complaint, SafeCast claims Microsoft infringes U.S. Patent No. 9,392,302 ("the '302 patent" or "the asserted patent"), which is directed to "[s]ystem for providing improved facilities in time-shifted broadcasts." ECF No. 1 ¶ 12. SafeCast is a private limited company registered in England with its principal place of business in England. *Id.* ¶ 1. Microsoft is a corporation organized under the laws of the state of Washington. *Id.* ¶ 2. Microsoft's principal place of business is in Redmond, Washington. *Id.* According to SafeCast, Microsoft sells advertising products, including through its subsidiary Xandr, that infringe the asserted patent. *Id.* ¶ 15. The Court will refer to these products as the "accused products."

1

After responding to SafeCast's complaint, Microsoft filed this motion to transfer. ECF No. 24. Microsoft does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the Southern District of New York ("SDNY") is a more convenient forum, pointing to the location of potential witnesses and the relevant records in New York. *Id*. at 1. SafeCast contends that this case should remain in the WDTX. ECF No. 32.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454

U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.   DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the SDNY. Microsoft argues that the threshold determination is met, and SafeCast agrees. ECF No. 24 at 6; ECF No. 32 at 2 n.2. Because Microsoft has a regular and established place of business in the SDNY and acts of infringement were committed in that district, the Court concludes that this action could have been brought in the SDNY. The Court now analyzes the private and public interest factors to determine whether the SDNY is a clearly more convenient forum than the WDTX.

## A. The Private Interest Factors

### i. *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to Microsoft, most of the relevant witnesses from Microsoft are in the SDNY. ECF No. 24 at 10. Microsoft explains that SafeCast accuses only Microsoft's Xandr products of infringement. *Id.* at 2. Microsoft notes that Xandr is "a distinct brand and technology platform at Microsoft, with its own headquarters in New York." *Id.* Microsoft explains that Xandr's New York headquarters "serve[] as the functional locus of Xandr's strategic planning and decision-making."

4

*Id.* at 3. Microsoft claims that the vast majority of Xandr's U.S.-based employees reside within 100 miles of the SDNY. *Id.* Microsoft has identified six[1] Xandr employees in New York that it believes are likely to testify at trial: (1) Mark Mitchell, Vice President of Business of Development, (2) Eric Hoffert, Senior Vice President of Video Technology, (3) Shreyas Prasad, Vice President of Engineering, (4) Dr. Yana Volkovich, Principal Data Science Manager, (5) Swapnil Pandit, Director of Engineering, and (6) Jorge Rios Garza, Vice President of Finance and Analytics. ECF No. 24-6. Microsoft explains that each of these individuals possesses relevant knowledge of the design, development, and sales of the accused products. ECF No. 24 at 4. Microsoft argues that the SDNY would be a more convenient forum for all these witnesses and Xandr's teams based in New York. *Id.* at 10.

Microsoft also identifies six other witnesses outside of New York: (1) Doug Hurd, Senior Director of Business Development, who is based in Winchester, Massachusetts, (2) Joseph Garstka, Senior Vice President of Engineering and Product Management, who is based in Portland, Oregon, (3) Brad Nelson, who is based in Torrance, California, (4) Sumit Shah, Director of Engineering, who is based in Pune, India, (5) Andrew Rutledge, Senior Vice President of Publisher Sales and Platform Partnerships, who is based in Toronto, Canada, and (6) Paul Farrow, Senior Product Manager of Identity and Privacy, who is based in Thurston, England. ECF No. 24-6. Microsoft argues that if any of Xandr's employees who reside outside of New York are called to testify, they can work from Xandr's headquarters, which lessens the burden of trial in the SDNY. ECF No. 24 at 11. Xandr also argues that SafeCast would find the SDNY a more convenient forum

---

[1] Microsoft's Appendix A identifies seven employees located in New York, but Microsoft explains in its reply that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ will be explained under the compulsory process factor below.

because all of SafeCast's witnesses are in England, which is significantly closer to the SDNY than the WDTX. *Id.*

In response, SafeCast argues that because Microsoft has identified individuals outside the SDNY and Microsoft has stated that engineers that worked on one of the accused products are currently based in India, "it is unclear how heavily, if at all, this factor favors Microsoft." ECF No. 32 at 5. SafeCast claims that this factor should be neutral. *Id.*

For Microsoft's employees in and near the SDNY, the Court agrees with Microsoft that the SDNY would be a more convenient forum for these individuals. For those employees in the SDNY, it would be much more convenient to attend trial within the SDNY. "[T]he cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time" would be significantly less if trial were held in the SDNY. *In re Google, LLC*, 2021 WL 4427899, at *4. For Microsoft's employees near the SDNY, including those witnesses residing within in Long Island, Queens, Brooklyn, Staten Island, and Massachusetts, the SDNY is significantly closer than the WDTX. Microsoft's employees in those locations will face greater costs and inconvenience if trial were held in this District.

Microsoft argues that the SDNY is also more convenient for Xandr employees located far from the SDNY, including in Oregon, California, Canada, England, and India, because these employees can use Xandr's offices in the SDNY. The Court disagrees. The Federal Circuit has held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. Thus, the Court believes that the slight convenience of Xandr's offices in the SDNY does not weigh heavily in the analysis of this factor.

6

Microsoft also argues that the SDNY is a more convenient forum for SafeCast's witnesses in England. ECF No. 24 at 11. The Court disagrees. SafeCast's witnesses in England will have to travel a significant distance to either venue and will incur travel, lodging, and related costs in both locations. Even if one venue may be slightly more convenient than the other for SafeCast's international witnesses, this difference should not weigh heavily in the analysis of this factor. *In re Apple*, 979 F.3d at 1342. The Court finds that the presence of any relevant SafeCast witnesses in England does not affect the outcome of this factor.

Microsoft has identified Xandr employees with relevant knowledge of the accused product in or near the SDNY. SafeCast has not identified any witnesses in or near the WDTX. Even though it is uncertain at this stage of the proceedings that all of Microsoft's witnesses will be located in or near the SDNY, the Court is convinced that some potential witnesses are in the SDNY, whereas no relevant witnesses have been identified in this District. Based on the evidence provided, the Court concludes that the SDNY is likely a more convenient forum for the willing witnesses that will testify at trial.

### ii. The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

Microsoft argues that this factor favors transfer because Xandr's headquarters have always been in New York. ECF No. 24 at 7. Microsoft argues that most or all relevant documents are stored and accessible there. *Id.* Microsoft argues that the accused products were primarily developed in New York, not Texas, and documents related to the design and development are in the SDNY. *Id.* Further, Microsoft argues that the majority of Xandr's finance team and the finance leads supporting the accused products are based in New York. *Id.* Microsoft claims that a significant portion of the relevant documents are stored in a data center in New Jersey, including technical and financial documentation and source code. *Id.* at 8. Microsoft claims that none of the relevant documents are stored in this District. *Id.*

In response, SafeCast argues that Microsoft's electronic documents are equally accessible in the SDNY and the WDTX. ECF No. 32 at 3. SafeCast argues that Microsoft has failed to show any hardship of producing these documents in the WDTX. *Id.*

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id.* But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. However, the Court still considers the location of custodians of electronic

documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

The Court rejects SafeCast's argument this factor weighs against transfer because Microsoft's electronic documents are easily accessed in either district. While it might be possible that Microsoft's electronic evidence is equally accessible in both forums, the Court still considers the relative ease of access in the two forums. *In re Apple, Inc.*, 2022 WL 1196768, at *4. Here, Microsoft has explained that relevant technical and financial documents are stored and maintained in or near the SDNY. SafeCast has not shown that any documents are stored or maintained in or near this District.

Because Microsoft's electronic evidence is located or maintained in or near the SDNY and no evidence is located or maintained in or near the WDTX, the Court concludes that this factor weighs in favor of transfer.

### iii. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In*

9

*re HP Inc.*, 2018 WL 4692486, at *3 n.1. However, the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Microsoft claims that there are no known third-party witnesses in this District or in the SDNY. ECF No. 24 at 8. Microsoft notes that, to the extent former Xandr employees may be relevant, the SDNY can compel the attendance of many of these former employees. *Id.* Microsoft notes that 489 of Xandr's 787 employees are based in New York, and if any of those employees terminate their employment with Xandr before trial, they may be within the subpoena power of the SDNY. *Id.* at 8−9. For that reason, Microsoft argues that this factor favors transfer. *Id.* at 9.

In response, SafeCast argues that Microsoft fails to identify any third-party witnesses who would be unwilling to testify. ECF No. 32 at 4. In its reply, Microsoft notes that during discovery, Microsoft notified SafeCast that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 36 at 2. Microsoft argues that ▮ presence in the SDNY weighs in favor of transfer.

The Court agrees with Microsoft that this factor weighs at least slightly in favor of transfer. Microsoft has identified one relevant former Xandr employee—▮▮▮▮▮▮▮▮▮▮—who is located within the subpoena power of the SDNY. The Court concludes that ▮ presence in the transferee district weighs in favor of transfer. However, the Court hesitates to assume that other former Xandr employees with relevant information are within the SDNY's subpoena power. While Microsoft hypothesizes that some former Xandr employees may be located within the SDNY, Microsoft does not identify any other former employees. The Court is unable to identify whether these former employees possess relevant knowledge or whether these former employees still reside

within the SDNY. The Court is unwilling to assume, without additional information, that other former Xandr employees based in New York are likely to testify at trial.

For the foregoing reasons, the Court concludes that this factor weighs slightly in favor of transfer.

### iv.   All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Microsoft argues that this factor slightly favors of transfer because this case is in its early stages, discovery has not begun, and the Court has not engaged in any substantive proceedings. ECF No. 24 at 11. Microsoft argues that the other co-pending cases in this District do not favor keeping this case because the Court does not yet have unique knowledge of the asserted patent. *Id.* at 12. Microsoft also notes that the co-pending cases do not involve related defendants or products. *Id.* Microsoft further argues that the co-pending cases should not weigh against transfer because some of the other defendants have also filed motions to transfer. *Id.* In response, SafeCast argues that this factor should weigh against transfer. ECF No. 32 at 5.

The Court finds that this factor weighs against transfer because one other matter involving the same patent is currently pending in this Court. *SafeCast Limited v. AT&T Corp.*, No. 6:22-cv-00676 (W.D Tex. June 27, 2022), ECF No.1. There is no pending motion to transfer venue in this co-pending case. If this case remains in this District, the Court will be able to resolve overlapping issues between the two related cases together. Thus, the Court concludes that maintaining both cases in the same forum would improve judicial efficiency.

The Court rejects Microsoft's argument that this factor favors transfer because this case is in its early stages and the Court does not yet have unique knowledge of the asserted patent. The relevant inquiry under this factor is whether the circumstances in either forum would make trial of the matter easier, more expeditious, or less expensive. *Volkswagen II*, 545 F.3d at 314. Even if this case is in its early stages, transferring this matter to the SDNY does not reduce the practical problems before a court in that district.

Accordingly, the Court finds this factor weighs against transfer.

**B.   The Public Interest Factors**

   ***i.    Administrative Difficulties Flowing from Court Congestion***

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Microsoft argues that this factor slightly favors transfer because the caseload in this district is greater than in the SDNY. ECF No. 24 at 13. Microsoft also argues that this Court's fast-paced schedule is not enough to deny transfer in this case. *Id.* Microsoft also argues that because

SafeCast does not allege that it competes with Microsoft, there is no urgency in resolving this suit. *Id.* SafeCast failed to address this factor in its briefing. ECF No. 32 at 5.

To start, the Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, Microsoft claims that SafeCast is not engaged in product competition in the marketplace. The briefing from both parties does not discuss any witnesses or sources of proof related to a product from SafeCast.

Based on the evidence presented, the Court believes that this factor is likely neutral because the briefing suggests that SafeCast is not engaged in product competition in the marketplace.

### ii.   *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight

13

should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Microsoft argues that this factor favors transfer because this case has a factual connection to the SDNY. ECF No. 24 at 14. Microsoft argues that neither SafeCast nor Xandr have a connection to the WDTX. *Id.* Microsoft claims that all the events that underly SafeCast's allegations took place in the SDNY. *Id.* Microsoft also notes that Xandr's headquarters have always been in the SDNY. *Id.* at 15. In response, SafeCast argues that this factor is neutral because the WDTX has a local interest in this dispute. ECF No. 32 at 5. SafeCast claims that this District has an interest because "it does not want the claims of valid U.S. patents infringed." *Id.* Further, SafeCast argues that this District has an interest in enforcing patent rights because it is home to the high-tech companies based in Austin. *Id.*

The Court concludes that this factor favors transfer. Microsoft's briefing shows that there is a factual connection between the events that gave rise to the suit and the SDNY. Further, the Court rejects SafeCast's argument that the WDTX has a general interest in the enforcement of patent rights. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info*, 2015 WL 13870507, at *4. SafeCast does not point to a relevant factual connection between the events that gave rise to this suit and this District. For that reason, the Court concludes that SafeCast has failed to show that the WDTX has a local interest in this case.

### iii. *Familiarity of the Forum with the Law That will Govern the Case*

Microsoft argues that this factor is neutral; both forums are familiar with the law that will govern this case. ECF No. 24 at 13 n.3. SafeCast does respond to this factor. ECF No. 32. The Court agrees with Microsoft that this factor is neutral.

### iv. *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Microsoft argues that this factor is neutral—there are no potential conflicts here. ECF No. 24 at 13 n.3. SafeCast argues that this factor weighs against transfer because of co-pending cases in this District that involve the same asserted patent. ECF No. 32 at 5−6. SafeCast argues that judicial economy and consistency favor maintaining the related cases together in the same forum. *Id.* at 6.

The Court agrees with Microsoft that this factor is neutral. The relevant inquiry under this factor is whether transfer would create or avoid unnecessary problems of conflict of laws or in the application of foreign law. *Def. Distributed v. Bruck*, 30 F.4th 414, 436 (5th Cir. 2022). The Court considered the related co-pending cases in the practical problems factor. *See supra* Section III(A)(iv). The related co-pending cases are not relevant to this factor.

## IV.   CONCLUSION

Having considered the private and public interest factors, the Court finds that four of the factors favor transfer to the SDNY, one disfavors transfer, and three factors are neutral. A decision to uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving party must show that the transferee forum is a clearly more convenient forum. Here, sources of proof, willing witness, compulsory process, and local interest factors favor transfer. The Court finds that Microsoft has met its burden of showing that the SDNY is a clearly more convenient forum. The Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Favors transfer |
| Cost of attendance for willing witnesses | Favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Slightly favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

**IT IS THEREFORE ORDERED** that Microsoft's Motion to Transfer Venue to the Southern District of New York is **GRANTED** (ECF No. 24).

**SIGNED** this 26th day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE